UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRUSTEES OF THE U.A. LOCAL 393 PENSION FUND AND THE U.A. LOCAL 393 HEALTH AND WELFARE TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>PENINSULA AIR CONDITIONING, INC.,<br><br>Defendant. | Case No.   5:13-cv-05048 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION THAT MOTION FOR DEFAULT JUDGMENT BE GRANTED**<br><br>[Re:   Dkt. No. 11] |

Plaintiffs are the trustees of two union benefit plans. Defendant employer Peninsula Air Conditioning, Inc. (Peninsula Air) is bound by a Master Labor Agreement (MLA) requiring contributions to be made to those plans. (Jesinger Decl. ¶¶ 5-6, Exs. 1-2). Pursuant to sections 502 and 515 of the Employee retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, plaintiffs sue to recover unpaid contributions owed by Peninsula Air for July 2013 through November 2013, plus liquidated damages. Plaintiffs also seek recovery of attorney's fees and costs incurred in bringing this action.

Peninsula Air was served with the complaint and summons on November 1, 2013. (Dkt. No. 5). Defendant, however, failed to answer or otherwise respond. At plaintiffs' request, the Clerk of the Court entered Peninsula Air's default on February 6, 2014. (Dkt. No. 8).

1    Plaintiffs now move for default judgment in the amount of $36,459.13,[1] which sum
2    includes the amount of principal contributions owed, plus liquidated damages, attorney's fees, and
3    costs.  Peninsula Air was served with notice of the motion.  It did not file any response, and
4    briefing on this matter is closed.  This court issued an interim order directing plaintiffs to submit
5    further papers in support of their motion, namely an executed copy of the Jesinger Declaration.
6    Plaintiffs have done so.  The motion is deemed appropriate for determination without oral
7    argument.  Civ. L.R. 7-1(b).  Upon consideration of the moving papers and the record in this case,
8    this court recommends that plaintiffs' motion be granted.

9    After entry of default, courts may, in their discretion, enter default judgment.  See Fed. R. Civ. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In deciding whether to enter default judgment, a court may consider the following factors:  (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  When the damages claimed are not readily ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.  Fed. R. Civ. P. 55(b)(2).

All of the Eitel factors favor entry of default judgment here.  Plaintiffs' claims have merit and are sufficiently pled.  Having reviewed the complaint, the court finds that plaintiffs have

---

[1] Although plaintiffs' motion says the total amount requested is $36,459.16, there is a three-cent discrepancy between plaintiffs' motion and the supporting Jesinger Declaration as to the amount of defendant's partial payment.  Plaintiffs' brief says that defendant made a partial payment of $1,648.72, whereas the Jesinger Declaration says that the payment actually was $1,648.75.  The attested-to sums control.

2

adequately alleged a violation of ERISA by showing that Peninsula Air did not contribute to the subject plans as required by a collective bargaining agreement and the MLA.[2] 29 U.S.C. § 1145. The sum of money at stake in the action is not insignificant. Nevertheless, because all liability-related allegations are deemed true, there is no possibility of a dispute as to material facts. Moreover, Peninsula Air has failed to appear or present a defense in this matter; and, there is no indication that defendant's default was due to excusable neglect. While the court prefers to decide matters on the merits, Peninsula Air's failure to participate in this litigation makes that impossible. A default judgment against Peninsula Air is plaintiffs' only recourse.

As noted above, plaintiffs seek the amount of principal contributions owed, plus liquidated damages, attorney's fees, and costs.

Unpaid Principal Contributions

With respect to the unpaid principal amounts, plaintiffs have submitted the declaration of the plans' Chief Administrator, Elizabeth Jesinger, which confirms that Peninsula Air owed a total of $28,514.90 in principal contributions. (Jesinger Decl. ¶¶ 8-9, Ex. 4). The Jesinger declaration satisfactorily establishes the amount of unpaid principal.

Liquidated Damages

ERISA also allows for the collection of liquidated damages when the principal contribution is not paid before a plaintiff fund files suit to collect it. 29 U.S.C. § 1132(g)(2)(C)(ii); Idaho Plumbers Trust Funds v. United Mechanical Contractors, 875 F.2d 212, 215 (9th Cir. 1989) (ERISA's liquidated damages provision applies "when (1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages."). In this case, the MLA requires liquidated damages in the amount of 20% of any principal contribution that has not been paid by the time a collections

---

[2] Although the MLA's title page indicates that the agreement's term ran from July 1, 2009 to June 30, 2012, plaintiffs say that the parties reached agreements on a successor term. (Jesinger Decl. ¶ 5, Ex. 2). And, while Peninsula Air has not recently signed documentation indicating a further assignment of its collective bargaining rights, plaintiffs say that, as is typical in the industry, defendant has treated itself as signatory to the terms of each successive collective bargaining agreement with U.A. Local 393, including the MLA. (Id. ¶ 6).

suit is filed or that becomes owing after such a suit is filed. (Jesinger Decl. ¶ 7, Ex. 1, ¶ 174). The record amply supports plaintiffs' claim for $5,702.98 in liquidated damages.[3]

Attorney's Fees and Costs

Under ERISA, plaintiffs are also entitled to recover reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2)(D); Operating Engineers Pension Trust v. Reed, 726 F.2d 513, 514 (9th Cir. 1984). Plaintiffs' counsel has submitted a declaration identifying his billing rates and describing his experience, and identifying work he performed in this case. (Renner Decl. ¶¶ 2-3, 5, Ex. 1). This court is familiar with the range of rates customarily charged by attorneys practicing before it, and the stated hourly rates appear to be commensurate with those charged for cases of this magnitude and complexity and for similar work performed by attorneys of comparable skill, experience, and reputation. The court is satisfied that the fees reasonably were incurred. The record also supports plaintiffs' claimed costs for the filing fee and for service of process. (Dkt. 1; Dkt. No. 5, Renner Decl. ¶ 4, Ex. 2). This court finds that plaintiffs should be awarded $3,425.00 in attorneys' fees and $465.00 in costs.

Because all parties have yet to consent to the undersigned's jurisdiction, IT IS ORDERED THAT this case be reassigned to a District Judge. Further, it is RECOMMENDED that plaintiffs' motion for default judgment be granted and that plaintiffs be awarded $36,459.13 in unpaid principal contributions, liquidated damages, attorney's fees, and costs. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: May 27, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] Although defendant made a partial payment of $1,648.75, plaintiffs say that the payment was not submitted until several months after this lawsuit was filed. (Jesinger Decl. ¶ 8).

5:13-cv-05048-HRL Notice has been electronically mailed to:

Mark Stephen Renner     mrenner@wmprlaw.com, lgonzales@wmprlaw.com

5